STEVEN L. PENARO (pro hac vice)
JENNA JONES (pro hac vice)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Telephone:   212-210-9400
Facsimile:    212-210-9444
Email: steve.penaro@alston.com
Email: jenna.jones@alston.com

TRACY YAO (State Bar No. 323816)
ALSTON & BIRD LLP
55 2nd Street, Suite 2100
San Francisco, CA 94105
Telephone:   415-243-1000
Facsimile:    415-243-1001
Email: tracy.yao@alston.com

Attorneys for Plaintiff Ebraz Exportadora Ltda.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAZ EXPORTADORA LTDA., <br><br> Plaintiff, <br><br> v. <br><br> TERRAFRESH ORGANICS LLC and JOHN DOES 1-10, <br><br> Defendants. | **Case No. 1:25-cv-00473-KES-SAB** <br><br> **PLAINTIFF EBRAZ EXPORTADORA LTDA.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT** <br><br> Date:        December 3, 2025 <br> Time:       10:00 a.m. <br> Courtroom:   Courtroom 9 <br><br> Complaint Filed:   April 23, 2025 <br> Trial Date:           February 8, 2028 |

**TO THE HONORABLE COURT AND TO ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that on December 3, 2025, at 10:00 am, in Courtroom 9 of this Court, located at 2500 Tulare Street, Fresno, CA 93721, Plaintiff Ebraz Exportadora Ltda. will and hereby does move for leave to amend its complaint.

1  This Motion is based upon this Notice of Motion and Motion, and the
2  Memorandum of Points and Authorities, all pleadings and papers on file in this action,
3  and upon such other matters as may be presented to the Court prior to or at the time of
4  the hearing on this Motion. Plaintiff conferred with Defendants regarding the motion;
5  Defendants do not oppose its filing.

**ALSTON & BIRD LLP**

Dated: October 24, 2025

*/s/ Tracy Yao*

Steven L. Penaro, Esq. (pro hac vice)
Jenna Jones, Esq. (pro hac vice)
90 Park Avenue
New York, New York 10016
Tel: (212) 210-9400
steve.penaro@alston.com
jenna.jones@alston.com

Tracy Yao, Esq.
55 2nd St Suite 2100,
San Francisco, CA 94105
Tel: (415) 243-1000
tracy.yao@alston.com

Attorneys for Plaintiff

## Table of Contents

**Page**

TABLE OF AUTHORITIES ................................................................................................. 4

BACKGROUND ................................................................................................................... 6

LEGAL STANDARD ............................................................................................................ 6

ARGUMENT ......................................................................................................................... 7

      I.     Bad Faith .................................................................................................. 7

      II.    Undue Delay ............................................................................................ 7

      III.   Prejudice To The Opposing Party ........................................................... 8

      IV.   Futility Of Amendment ........................................................................... 9

      V.    Previous Amendment ............................................................................ 10

CONCLUSION .................................................................................................................... 10

MOTION FOR LEAVE TO AMEND

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ascon Properties, Inc. v. Mobil Oil Co.*,
    866 F.2d 1149 (9th Cir.1989) ............................................................................... 7

*Baker v. Nutrien Ag Sols., Inc.*,
    No. 1:21-cv-01490-ADA-SKO, 2023 U.S. Dist. LEXIS 115469 (E.D. Cal.
    July 5, 2023) ........................................................................................................ 8

*BNSF Ry. Co. v. San Joaquin Valley R. Co.*,
    No. 1:08-CV-01086-AWI, 2011 U.S. Dist. LEXIS 84694 (E.D. Cal. Aug. 2,
    2011) .................................................................................................................... 8

*Cyrus v. Haveson*,
    65 Cal.App.3d 306 (1976) ................................................................................. 10

*Delgado v. Orchard Supply Hardware Corp.*,
    No. 1:09-cv-01839 SMS, 2011 U.S. Dist. LEXIS 113572 (E.D. Cal. Oct. 3,
    2011) .................................................................................................................... 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) ............................................................................. 7

*Foman v. Davis*,
    371 U.S. 178 (1962) ............................................................................................ 6

*Madeja v. Olympic Packers, LLC*,
    310 F.3d 628 (9th Cir. 2002) ............................................................................... 7

*Missouri ex rel. Koster v. Harris*,
    847 F.3d 646 (9th Cir. 2017) ............................................................................... 9

*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ............................................................................. 9

- 4 -
MOTION FOR LEAVE TO AMEND

1  *Netbula, LLC v. Distinct Corp.*,
2      212 F.R.D. 534 (N.D. Cal. 2003) ......................................................................... 9
3  *Nunes v. Ashcroft*,
4      375 F.3d 805 (9th Cir. 2004) ............................................................................. 7
5  *Peterson v. California*,
6      No. 1:10-cv-1132, 2011 U.S. Dist. LEXIS 98396 (E.D. Cal. Sept. 1, 2011) ....... 9
7  *SAES Getters S.p.A. v. Aeronex, Inc.*,
8      219 F. Supp. 2d 1081 (S.D. Cal. 2002) ............................................................. 8
9  *Stearns v. Select Comfort Retail Corp.*,
10     763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............................................................. 7
11 *Texaco, Inc. v. Ponsoldt*,
12     939 F.2d 794 (9th Cir. 1991) ............................................................................. 8
13 *Union Pacific R. Co. v. Nevada Power Co.*,
14     950 F.2d 1429 (9th Cir. 1991) ........................................................................... 7
15 *United States v. United Healthcare Ins. Co.*,
16     848 F.3d 1161 (9th Cir. 2016) ........................................................................... 8

17 **RULES**
18 Fed. R. Civ. P. 15(a)(2) ............................................................................................. 6
19 Local Rule 137(c) ..................................................................................................... 6
20 Rule 15 ..................................................................................................................... 7
21 Rule 15(a) ............................................................................................................. 6, 7

22 **STATUTES**
23 Cal. Civ. Code § 3294(a) ......................................................................................... 9

24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

In accordance with Federal Rule of Civil Procedure 15(a)(2) and Section V of this Court's Scheduling Order (Dkt. 17) (the "**Scheduling Order**"), Plaintiff Ebraz Exportadora Ltda. ("Ebraz"), moves for leave to amend its Complaint (Dkt. 1). In accordance with Local Rule 137(c), the proposed First Amended Complaint is attached hereto as **Exhibit A**. Also, for the Court's ease of review, attached as **Exhibit B** is a redline reflecting the changes made between the Complaint and the proposed First Amended Complaint.

## BACKGROUND

On April 23, 2025, Ebraz filed its Complaint in the Eastern District of California, asserting claims for fraud and negligence. (Dkt. 1). On June 16, 2025, TerraFresh filed its answer, without asserting any counterclaims. (Dkt. 13).

The parties had a case management conference on September 2, 2025. That same day, the Court issued the Scheduling Order, setting October 27, 2025, as the deadline to request leave to amend. (Dkt. 17). Ebraz conferred with TerraFresh regarding the motion; TerraFresh does not oppose its filing.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a)(2) allows a party to amend its pleading with opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has endorsed this liberal policy for allowing amendments—stating that Rule 15(a)'s "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend after an answer has been filed, a court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *accord Madeja v. Olympic Packers, LLC*, 310 F.3d 628, 636 (9th Cir.

2002). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## ARGUMENT

Amendment should be granted in this case because in addition to the fact that the Ninth Circuit has stressed that Rule 15 favors amendment, *see, e.g.*, *Union Pacific R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991), none of the factors precluding amendment are present in this case.

### I.    BAD FAITH

Ebraz is not acting in bad faith in seeking leave to amend. "A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." *Delgado v. Orchard Supply Hardware Corp.*, No. 1:09-cv-01839 SMS, 2011 U.S. Dist. LEXIS 113572, at *6–7 (E.D. Cal. Oct. 3, 2011). "Examples of bad faith have included—but are not limited to—instances in which a party makes a claim without alleging any newly discovered facts, makes a tactical decision to omit a claim to avoid summary judgment, or includes a claim to harass or burden the other party." *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1159 (N.D. Cal. 2010) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir.1989)).

Here, there is no evidence of bad faith. Rather, Ebraz's motive in seeking to amend is to protect its rights and clarify its claims for damages, including punitive damages. This factor weighs in favor of granting amendment.

### II.    UNDUE DELAY

Ebraz did not engage in undue delay in seeking amendment. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the

court." *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086-AWI, 2011 U.S. Dist. LEXIS 84694, at *5 (E.D. Cal. Aug. 2, 2011) (citation omitted). To show undue delay, the party opposing amendment "must at least show delay past the point of initiation of discovery." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). Generally, a motion to amend filed prior to the initiation of discovery, "where no other proceedings have taken place in the interim," is not seen as unduly delayed. *See id.* at 1096 (citation omitted).

"Undue delay addresses not only whether the motion was filed within the time allotted, but also whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Baker v. Nutrien Ag Sols., Inc.*, No. 1:21-cv-01490-ADA-SKO, 2023 U.S. Dist. LEXIS 115469, at *16–17 (E.D. Cal. July 5, 2023) (citation and internal quotation marks omitted). For example, the Ninth Circuit has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *Id.* (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)). "Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

Here, Ebraz is seeking leave to amend by the deadline set forth in the Scheduling Order. Additionally, the same day that Ebraz filed this motion, it served its first set of discovery requests on TerraFresh. No other discovery has been conducted in this case, and the fact discovery deadline is not until March 19, 2027. Accordingly, discovery is still in its infancy but is not being held up by the proposed amendment. This factor weighs in favor of granting amendment.

### III.   PREJUDICE TO THE OPPOSING PARTY

TerraFresh would not suffer prejudice if the Court were to allow Ebraz to amend the Complaint. Prejudice may exist where new allegations "greatly alter[] the nature of the litigation" and would require defendants to undertake, "at a late hour, an entirely

new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-1132, 2011 U.S. Dist. LEXIS 98396, at *8–9 (E.D. Cal. Sept. 1, 2011). ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

Ebraz's proposed amendments do not significantly alter the allegations set forth in the Complaint. Rather, the proposed amendments merely clarify an already available set of damages. This factor weighs in favor of granting amendment.

## IV. FUTILITY OF AMENDMENT

Ebraz's proposed amendments are not futile. "[A proposed] amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and quotation marks omitted). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of [futility] challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).

Ebraz's request for punitive damages has been adequately alleged. Punitive damages are available if a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). "To support punitive damages, the complaint . . . must allege ultimate facts of the defendant's oppression, fraud, or malice." *Cyrus v. Haveson*, 65 Cal.App.3d 306, 316–317 (1976). In the Complaint, and in the proposed First Amended Complaint, Ebraz sufficiently alleges that TerraFresh acted with both fraud and malice when it knowingly falsified the CFOs accompanying the mangos at issue. Indeed, the Complaint

- 9 -
MOTION FOR LEAVE TO AMEND

specifically details two different communications in which TerraFresh admitted to falsifying the CFOs. Exhibit A ¶¶ 16–18, 59–60.

Accordingly, Ebraz is plainly entitled to seek punitive damages such that the proposed amendments to the Complaint are not futile.

## V. PREVIOUS AMENDMENT

Ebraz has not yet amended its Complaint; if the Court grants Ebraz leave to amend, Ebraz would file the proposed First Amended Complaint. As such, this factor weighs in favor of amendment.

## CONCLUSION

For the foregoing reasons, Ebraz respectfully requests that the Court enter an order granting Plaintiff leave to file its proposed First Amended Complaint (Exhibit A).

Dated: October 24, 2025

**ALSTON & BIRD LLP**

*/s/ Tracy Yao*

Steven L. Penaro, Esq. (pro hac vice)
Jenna Jones, Esq. (pro hac vice)
90 Park Avenue
New York, New York 10016
Tel: (212) 210-9400
steve.penaro@alston.com
jenna.jones@alston.com

Tracy Yao, Esq.
55 2nd St Suite 2100,
San Francisco, CA 94105
Tel: (415) 243-1000
tracy.yao@alston.com

Attorneys for Plaintiff

# PROOF OF SERVICE

I, Tracy Yao, certify and declare as follow:

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Alston & Bird LLP, 55 Second Street, Suite 2100, San Francisco, CA 94105.

On October 24, 2025, I caused a copy of **PLAINTIFF EBRAZ EXPORTADORA LTDA.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT** to be served upon the following counsel via the Court's CM/ECF system:

James J. Ward (SBN 263052)
joe.ward@bakermckenzie.com
Michael T. Boardman (SBN 279153)
michael.boardman@bakermckenzie.com
BAKER & McKENZIE LLP
10250 Constellation Blvd., Suite 1850
Los Angeles, CA 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

William Devaney (Admitted pro hac vice)
william.devaney@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Telephone: +1 212 626 4337
Facsimile: +1 212 310 1600

*Attorneys for Defendant*
*TERRAFRESH ORGANICS LLC*

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct. Executed on October 24, 2025, at San Francisco, California.

*s/ Tracy Yao*
Tracy Yao