# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAZ EXPORTADORA LTDA., <br><br> Plaintiff, <br><br> v. <br><br> TERRAFRESH ORGANICS, LLC, <br><br> Defendant. | Case No. 1:25-cv-00473-KES-SAB <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND ORDERING PLAINTIFF TO FILE AMENDED COMPLAINT <br><br> (ECF No. 18) <br><br> **THREE DAY DEADLINE** |

## I.
## INTRODUCTION

Currently pending before the Court is Plaintiff's motion to file a first amended complaint, filed on October 24, 2025. (ECF No. 18.) The time period for filing a timely opposition has now passed. L.R. 230(c). Accordingly, the Court vacated the hearing and took the matter under submission to be decided on the papers. (ECF No. 20.)

## II.
## BACKGROUND

Plaintiff filed this action on April 23, 2025 against TerraFresh Organics, LLC asserting claims for fraud and negligence. (ECF No. 1.) On June 16, 2025, Defendant TerraFresh Organics, LLC filed its answer. (ECF No. 13.) A Scheduling Order was issued on September 2, 2025, detailing that any motions requesting leave to amend the pleading be filed on or before October 27, 2025. (ECF No. 17.)

On October 24, 2025, Plaintiff filed a motion for leave to file an amended complaint that is the subject of this order. (ECF No. 18.) On October 27, 2025, the Court reset the hearing on the motion to December 17, 2025, at 10:00 a.m., in Courtroom 9. (ECF No. 19.) Having considered the moving papers, the lack of opposition, and the Court's file, the Court found this matter suitable for decision without oral argument, and vacated the December 17, 2025 hearing. (ECF No. 20.)

## III.

## LEGAL STANDARD

Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality"). Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Id. Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1052. The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of

2

any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id.

### IV.
### DISCUSSION

Plaintiff seeks leave to amend its complaint to protect its rights and clarify its claims for damages, including punitive damages. (ECF No. 18, p. 7.) Plaintiff's proposed amendments do not significantly alter the allegations set forth in the Complaint; rather, the proposed amendments clarify its claims for damages. (Id. pp. 7, 9.) Plaintiff has not previously filed an amended complaint and has filed this motion by the deadline set forth in the Scheduling Order. No opposition to the current motion has been filed.

The Court finds no bad faith, no undue delay, no apparent prejudice to the opposing party, no futility of amendment, and Plaintiff has not previously amended its complaint. In light of these findings, and given the motion was not opposed through any opposition briefs filed by the deadline to file an opposition, the Court finds granting leave to amend appropriate. See Fed. R. Civ. P. 15(a); Eminence Capital, 465 F.3d at 951; DCD Programs, 833 F.2d at 187.

### V.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 18) is GRANTED; and
2. Within **three (3) days** of service of this order, Plaintiff shall file the proposed amended complaint (ECF No. 18) on the docket.

IT IS SO ORDERED.

Dated:  **November 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge