**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBRAZ EXPORTADORA LTDA., | Case No. 1:25-cv-00473-KES-SAB |
| Plaintiff, | ORDER REGARDING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 24) |
| TERRAFRESH ORGANICS LLC, | |
| Defendant. | |

Plaintiff Ebraz Exportadora Ltda. ("Ebraz") and Defendant TerraFresh Organics, LLC ("TerraFresh") hereby jointly submit the following Stipulated Protective Order.

**1.    INTRODUCTION**

1.1.    Purposes and Limitations.    Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.    Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order.    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

1.2.    Good Cause Statement.    This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical

and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business and financial information, strategic business practices, and other confidential research, development, and commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated confidential under this Order for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3.    Acknowledgment of Procedure for Filing Under Seal or Redacted.  The Parties acknowledge, as set forth below in Section 12.3, that this Stipulated Protective Order does not entitle them to file confidential information under seal or in redacted form.  This Court's Standing Order and Local Rule 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal; this Court's Standing Order and Local Rule 140 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file redacted material.

## 2.    DEFINITIONS

2.1    Action: The above-entitled proceeding, captioned *Ebraz Exportadora Ltda. v. TerraFresh Organics LLC, et al.*, Case No. 1:25-cv-00473-KES-SAB, pending in the United

States District Court for the Eastern District of California.

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and, as specified above in the Good Cause Statement.

2.4 <u>Counsel</u>: Outside counsel of record, in-house counsel (as well as their respective support staff), and Foreign Counsel.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this Action.

2.7 <u>Expert</u>: A person with specialized knowledge or experience relevant to this Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: Extremely sensitive CONFIDENTIAL Information or Items, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>Final Disposition</u>: The later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.10 <u>Foreign Counsel</u>: Attorneys who are not employees of a party to this Action, but

are retained to represent or advise a Party in its prosecution or defense in this Action, including their paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

2.11    In-House Counsel: Attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.13    Outside Counsel of Record: Attorneys who are not employees of a party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party (or are affiliated with a law firm that has appeared on behalf of that Party, including firm support staff).

2.14    Party: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).  Ebraz and TerraFresh are referred to collectively herein as the "Parties."

2.15    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17    Protected Material: Any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

2.18    Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

4

all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by a Party or its Counsel that might reveal Protected Material.

**4.     TRIAL AND DURATION**

This Stipulated Protective Order does not govern the use of Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the trial judge.  But the terms of this Order apply through Final Disposition of the Action.  Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this protective order.

Mass, indiscriminate, or routine designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents,

but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony, or within 21 days following receipt of the deposition transcript, all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s), and must specify, for each portion, the level of protection being asserted.

5.3    Inadvertent Failures to Designate.  In the event that any document or material

that is subject to a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation is inadvertently produced without such designation, the Party that inadvertently produced the document or material shall give written notice to the other Party of such inadvertent production within three (3) business days of the discovery of the inadvertent production, together with a further copy of the document or material properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document or material shall promptly destroy the inadvertently produced document or material and all copies thereof and shall retain only the properly designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" document or material. The receiving Party shall notify the producing Party in writing of its compliance with the procedure in this provision within three (3) business days of receiving the Inadvertent Production Notice.

This provision does not apply to the inadvertent production of any document or material protected by the attorney-client privilege or any other legal privilege or protection. In the event that this provision conflicts with any applicable law regarding the waiver of privilege or confidentiality through the inadvertent production of documents or other materials, such law shall govern.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

Any Party or Non-Party may challenge a confidentiality designation pursuant to this Stipulated Protective Order at any time that is consistent with the Court's Scheduling Order. All such challenges shall be made according to Magistrate Judge Stanley A. Boone's then-current "Informal Discovery Dispute Procedures," which are available on the Court's website.[1] For the avoidance of doubt, the burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may subject the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality

---

[1] *See* https://caed.uscourts.gov/caednew/index.cfm/judges/all-judges/50161.

7

designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action reaches a Final Disposition, a Receiving Party must comply with the provisions of section 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only:

(a)     to the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     to the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     to the Receiving Party's Foreign Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     to the Court and its personnel;

(f)     to court reporters and their staff;

(g)     to professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the document;

(i)     during depositions, to witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided: (1) the witnesses and their attorneys first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or otherwise agree to be bound by its terms; and (2) the witnesses and their attorneys will not be permitted to keep any CONFIDENTIAL information unless agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal CONFIDENTIAL Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(j)     to any mediator or settlement officer, and their supporting personnel, that the Parties engage for settlement purposes; provided they first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or otherwise agrees to be bound by its terms.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only:

(a)     to the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     to the Receiving Party's Foreign Counsel to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     to Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    to the Court and its personnel;

(e)    to court reporters and their staff;

(f)    to Professional Vendors to whom disclosure is reasonably necessary for this litigation who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    to the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information in the document;

(h)    during depositions, to witnesses and attorneys for witnesses in the Action to whom disclosure is reasonably necessary, provided: (1) the witnesses and their attorneys first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or otherwise agree to be bound by its terms; and (2) the witnesses and their attorneys will not be permitted to keep any HIGHLY CONFIDENTIAL information unless agreed by the Designating Party or ordered by the Court.   Pages of transcribed deposition testimony or exhibits to depositions that reveal HIGHLY CONFIDENTIAL Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    to any mediator or settlement officer, and their supporting personnel, that the Parties engage for settlement purposes; provided they first sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or otherwise agree to be bound by its terms.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a valid subpoena or court order issued in other litigation that compels the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or information in this Action, the Party receiving the subpoena or court order must:

(a)    promptly notify the Designating Party in writing of the subpoena or court order.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify the party who served the subpoena or court order in writing that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Order; and

10

(c)    cooperate with the Designating Party whose Protected Material may be affected in reasonable, lawful efforts to oppose/object to the subpoena or court order.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to do so.  The Designating Party shall bear the burden and expense of seeking such protection in that court and nothing in this provision should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

9.1    Application.   The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this Action that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by a Non-Party in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in this section 9 should be construed as prohibiting a Non-Party from seeking additional protections beyond the scope of this Order.

9.2    Notification.   In the event a Party is required by a valid discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the that confidential information, the Party shall:

(a)    promptly notify the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with the Non-Party;

(b)    make the information requested available for inspection by the Non-Party, if requested.

9.3    Conditions of Production.   If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the aforementioned notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information in response to the

11

valid discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before the Court rules on the request for a protective order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection of its Protected Material.

**10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Designating Party may pursue whatever lawful remedy or remedies it so chooses in response to the disclosure, including a motion for sanctions against the Receiving Party.

**11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Party gives notice to the other Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the Parties reach agreement on the effect of the disclosure of a communication or information covered by the attorney-client privilege or protection, the Parties may incorporate their agreement into a court order.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use of any of the material covered by this Order in this Action.

12.3   <u>Filing Protected Material</u>.  A Party that seeks to file under seal, or redact any Protected Material must comply with Local Rules 140 and 141, as applicable.  Protected Material may only be filed under seal or redacted pursuant to a court order authorizing the sealing or redaction of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal or redacted is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.   FINAL DISPOSITION**

Within 60 days of the Final Disposition of this Action, each Party must permanently destroy all Protected Material of the other Party and any Non-Party that is in its possession, custody, or control.   The phrase "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Each Party must submit to the other Party (and, if not the same person or entity, to the Designating Party) a written certification of its compliance with this provision by the 60-day deadline.  Notwithstanding the requirements of this provision, Counsel for each Party is entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such items are Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

**14.   VIOLATION**

Any violation of this Stipulated Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary and non-monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 13, 2026          */s/ Steven L. Penaro (as authorized on January 12, 2026)*

ALSTON & BIRD LLP

Steven L. Penaro
Jenna Jones

*Attorneys for Plaintiff Ebraz Exportadora Ltda.*

DATED: January 13, 2026          */s/ James J. Ward*

BAKER & MCKENZIE LLP

James J. Ward
Michael T. Boardman
William Devaney

*Attorneys for Defendant TerraFresh Organics, LLC*

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[insert full name]**, residing at _____ **[insert full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Eastern District of California in the case of *Ebraz Exportadora Ltda. v. TerraFresh Organics, LLC*, Case No. 1:25-cv-00473-KES-SAB . I agree to comply with and to be bound by all the terms of that Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to that Stipulated Protective Order to any person or entity except in strict compliance with the provisions of that Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of that Stipulated Protective Order, even if such enforcement proceedings occur after termination of the action. I hereby appoint _____ **[insert full name],** located at _____ **[insert full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Date:                                    _____

City and State where sworn and signed:      _____

Printed name:                        _____

Signature:                             _____

15

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016);

5. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the Court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made; and

6. Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:    **January 14, 2026**

_____
STANLEY A. BOONE
United States Magistrate Judge

16